This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                            **No. A-1-CA-34514**

**JOE BLACK,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark T. Sanchez , District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Defendant Joe Black appeals the judgment and sentence entered following his jury trial convictions for trafficking methamphetamine (possession with intent to

distribute) and possession of cocaine. [DS 2; RP 160-61, 174-75] Unpersuaded by Defendant's docketing statement, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded with a memorandum in opposition to our notice. We have considered Defendant's response and remain unpersuaded. We, therefore, affirm.

{2}    In his docketing statement, Defendant argued that the district court erred in allowing Agent Wester of the Lea County Drug Task Force to testify as an expert and render an opinion that possession of twenty-eight grams of methamphetamine is consistent with an intent to distribute. [DS 5-6, 8] In support of this argument, Defendant contended that there was no evidence of "strength or purity" of the methamphetamine and "dosage used by a habitual user of methamphetamine varies based on the strength of the material ingested." [DS 8] Defendant further claimed that there was a lack of foundation to support Agent Wester's opinion, and therefore, there was a lack of evidence to establish that Defendant possessed methamphetamine with an intent to distribute it. [Id.]

{3}    In our notice of proposed disposition, we discussed two cases addressing similar challenges. [CN 3-4] *See State v. Rael-Gallegos*, 2013-NMCA-092, ¶¶ 17-37, 308 P.3d 1016 (holding that the district court did not err in admitting the testimony of an officer "who testified as an expert in distinguishing between personal use and

trafficking amounts in terms of crack cocaine"); *see also State v. Taylor*, No. 33,951, mem. op. ¶¶ 11-15 (N.M. Ct. App. Jan. 11, 2016) (non-precedential) (holding that the district court did not err in qualifying "Agent Wester, deputy commander of the Lea County Drug Task Force, as an expert in illegal narcotics trafficking, specifically with respect to distinguishing conditions that are consistent with personal use from conditions that are consistent with trafficking"). We stated that the relevant inquiry is whether Agent Wester's "knowledge and experience were sufficient to support a determination that {his] conclusions regarding the distinction between personal use amounts versus trafficking amounts of [methamphetamine] may be trusted." [CN 4 (quoting *Rael-Gallegos*, 2013-NMCA-092, ¶ 21)] *See id.* ¶¶ 18, 20.

**{4}** Based on Agent Wester's training and experience, as discussed in detail in our notice of proposed disposition, we proposed to conclude that the district court did not abuse its discretion in determining that Agent Wester demonstrated sufficient knowledge and experience to testify as an expert in distinguishing between possession of quantities consistent with personal use and trafficking. [CN 4-5] *See Rael-Gallegos*, 2013-NMCA-092, ¶¶ 18-25 (holding that a law enforcement officer with extensive knowledge and experience relative to narcotics offenses was properly qualified to testify as an expert on the distinction between possession of quantities consistent with personal use and possession of quantities consistent with trafficking); *Taylor*, No.

33,951, mem. op. ¶¶ 11-15 (same); *see also State v. Bullcoming*, 2010-NMSC-007, ¶ 28, 147 N.M. 487, 226 P.3d 1 ("Whether a witness possesses the necessary expertise or a sufficient foundation has been established to permit a witness to testify as an expert witness is a matter entrusted to the sound discretion of the trial court. Absent an abuse of discretion, a reviewing court will not disturb the trial court's decision to accept or reject such testimony." (citations omitted)), *rev'd on other grounds sub nom. Bullcoming v. N.M.*, 131 S. Ct. 2705 (2011).

{5}     In our notice of proposed disposition, we also explained that we were not persuaded that the district court erred in overruling Defendant's lack of foundation objection to Agent Wester's testimony that he believed the purity level of methamphetamine sold on the street at that time was approximately 90-95% pure methamphetamine. [CN 6] And, we suggested that the jury was ultimately free to give the officer's testimony whatever weight it saw fit. [Id.] *See, e.g., Rael-Gallegos*, 2013-NMCA-092, ¶ 34 (observing that the jury was "free to accept or to reject" analogous expert testimony); *see State v. Alberico*, 1993-NMSC-047, ¶ 37, 116 N.M. 156, 861 P.2d 192 ("The jury is not required to accept expert opinions as conclusive[.]"). Finally, given the evidence that Defendant possessed twenty-eight grams of methamphetamine, we stated that we were not convinced that there was insufficient evidence to establish that Defendant possessed methamphetamine with

4

intent to distribute it. [Id.] *See State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (stating that substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" (internal quotation marks and citations omitted)). Accordingly, we proposed to affirm.

{6}     In response, Defendant does not point out errors in fact or law with our notice of proposed disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Nevertheless, he maintains that the district court erred in allowing Agent Wester to testify as an expert that possession of twenty-eight grams of methamphetamine is consistent with an intent to distribute. [MIO 3] He relies on *State v. Becerra*, 1991-NMCA-090, 112 N.M. 604, 817 P.2d 1246, to argue that the State's failure to establish the purity of the methamphetamine made Agent Wester's opinion unreliable. [Id.] *See id.* ¶ 22 (stating that "where there was no evidence of the concentration of the drug, and no evidence of how long it would normally take a single drug user to consume a given quantity, the weight of the amount recovered could not in itself enable a fact[-]finder to conclude, beyond a reasonable doubt, that defendant intended to distribute the substance"); *see id.* ¶ 24 (holding that "there was insufficient evidence to support a conviction for trafficking, because there was no

evidence to support an inference of [the] defendant's intent to distribute").

{7} *Becerra*, however, is distinguishable. In *Becerra*, we noted the absence of expert testimony regarding whether the 55.53 grams of white powder that tested positive for cocaine was too much for personal use. *Id.* ¶¶ 8, 23. Significantly, we did not believe that "a jury could use 'common knowledge' to determine if the amount was too much for personal use[.]" *Id.* ¶ 23.

{8} Thus, for the reasons stated in this opinion, as well as those provided in our notice of proposed disposition, we affirm.

{9} **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**STEPHEN G. FRENCH, Judge**